# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN R. HERRERA, | 1:11-cv-02166-LJO-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PAM AHLIN, | [Doc. 1] |
| Respondent. | |

Petitioner is currently detained at the Coalinga State Hospital, awaiting a jury trial on a petition for commitment as a sexually violent predator ("SVP") under California's Sexually Violent Predator Act (Cal. Welf. & Inst. Code §§ 6600 et seq.).

On December 30, 2011, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(d) challenging the legality of the SVP proceedings. Although Petitioner filed the instant petition on a § 2254 form petition, it appears the petition should have been brought pursuant to 28 U.S.C. § 2241(c)(3) because Petitioner's in not currently in custody pursuant to a state court judgment.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing § 2254 Cases.

1    Under principles of comity and federalism, a federal court should not interfere with
2 ongoing state criminal proceedings by granting injunctive or declaratory relief except under
3 special circumstances. <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971). Younger abstention is
4 required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings
5 involve important state interests; and (3) the state proceedings afford adequate opportunity to
6 raise the constitutional issue. <u>Middlesex County Ethics Comm. V. Garden State Bar Ass'n</u>, 457
7 U.S. 423, 432 (1982); <u>Dubinka v. Judges of the Superior Court</u>, 23 F.3d 218, 223 (9th Cir. 1994).
8 The Younger abstention doctrine applies to pending state civil proceedings, when important state
9 interests are at stake. <u>See</u>, e.g. <u>Moore v. Sims</u>, 442 U.S. 415, 423 (pending child custody
10 proceeding); <u>Huffman v. Pursue</u>, Ltd., 420 U.S. 592, 604 (1975) (pending nuisance action).

11    In this instance, all three criteria for <u>Younger</u> abstention are met. Petitioner's SVP
12 proceedings is ongoing as he is awaiting trial. The ongoing SVP proceeding implicates
13 important state interests. In enacting the Sexually Violent Predator Act, the California
14 Legislature noted that the state had an interest in identifying sexually violent predators with
15 diagnosable mental disorders while incarcerated because those individuals were a danger to the
16 public if released. See Cal. Welf. & Inst. Code § 6600 (historical and statutory comments). As
17 to the third factor, the Supreme Court has stated that "where vital state interests are involved, a
18 federal court should abstain 'unless state law clearly bars the interposition of the constitutional
19 claims.'" <u>Middlesex</u>, 457 U.S. at 432. Here, there appears to be no reason why Petitioner cannot
20 adequately present to the trial court his challenge that the stipulated plea agreement included only
21 sex crimes that were non-forcible. Furthermore, Petitioner has not demonstrated that
22 extraordinary circumstances involving a great and immediate danger of irreparable injury is
23 present. Accordingly, the instant petition for writ of habeas corpus should be dismissed without
24 prejudice.

25                              RECOMMENDATION
26    Based on the foregoing, it is HEREBY RECOMMENDED that:
27    1.    The instant petition for writ of habeas corpus be DISMISSED without prejudice;
28          and

2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 23, 2012**          /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE

3